## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BRIAN S.,<br>　　　Plaintiff,<br><br>　　v.<br><br>FRANK BISIGNANO, *Commissioner,*<br>*Social Security Administration,*<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 25-cv-557-JJM-AEM

## ORDER

Plaintiff Brian S. brings this action pursuant to 42 U.S.C. § 405(g), seeking to reverse the decision of the Commissioner of the Social Security Administration ("the Commissioner"), in which he denied Brian's claim for Disability Supplemental Security Income ("SSI").  ECF No. 9.  In response, the Commissioner moves this Court to enter an order affirming his decision.  ECF No. 11.  After a thorough review of the record, and for the reasons stated below, the Court GRANTS Brian's Motion to Reverse and DENIES the Commissioner's Motion to Affirm.

## I.　BACKGROUND

Brian alleges he was disabled as of May 18, 2023 due to borderline personality disorder, dependent personality disorder, gastroparesis, IBS, depression, anxiety, and fatty liver.  Brian was 35 years old when he applied for disability, having worked as a deli clerk, driver, machinist, tech assistant, and security officer.  He applied for Supplemental Security Income and was denied at each stage, resulting in this lawsuit.

## I.    STANDARD OF REVIEW

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).  Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Court "must uphold the Secretary's findings ... if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [their] conclusion."  (citing *Consol. Edison Co.*, 305 U.S. at 229).  If substantial evidence supports the Commissioner's decision, the Court should affirm it, "even if the record arguably could justify a different conclusion ...."  *Rodriguez Pagan v. Sec'y of Health & Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (citing *Lizotte v. Sec'y of Health & Hum. Servs.*, 654 F.2d 127, 128 (1st Cir. 1981)).  That said, the Administrative Law Judge's ("ALJ") findings are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts."  *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

As a final note, "[t]he First Circuit has stated that courts should ensure 'a just outcome' in Social Security disability claims."  *Santa v. Astrue*, 924 F. Supp. 2d 386, 391-92 (D.R.I. 2013) (quoting *Pelletier v. Sec'y of Health, Educ. & Welfare*, 525 F.2d 158, 161 (1st Cir. 1975)).  "[T]he Social Security Act is to be construed liberally to

effectuate its general purpose of easing the insecurity of life." *Rodriguez v. Celebrezze*, 349 F.2d 494, 496 (1st Cir. 1965) (citing *Page v. Celebrezze*, 311 F.2d 757 (5th Cir. 1963)).

## III.    APPLICABLE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. § 416.905.  The impairment must be severe, making the claimant unable to do previous work, or any other substantial gainful activity in the national economy.  42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. §§ 416.905-11.

### A.    The Five-Step Evaluation

In evaluating an initial disability claim, the ALJ must follow a five-step process. *See* 20 C.F.R. §§ 416.920(a)(4)(i)-(v).[1]  The claimant bears the burden of proof at Steps One through Four, but the Commissioner bears the burden at Step Five. *Sacilowski v. Saul*, 959 F.3d 431, 433, 440-41 (1st Cir. 2020).  At Step Five here, the ALJ determined that Brian did not have an impairment or combination of

---

[1] First, if a claimant is working at a substantial gainful activity, he is not disabled.  Second, if a claimant does not have any impairment or combination of impairments, which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled.  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.  Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled.  Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) prevent him from doing other work in the national economy, then he is disabled.

3

impairments that meets or medically equals the severity one of the listed impairments and then determined that he had the residual functional capacity ("RFC") to perform a full range of work with certain nonexertional limitations.  The ALJ concluded that he was not disabled because, based on his age, education, work experience, RFC, and the testimony of a vocational expert, he could work jobs in significant numbers in the national economy.

## IV.    DISCUSSION

The single issue presented in this appeal is whether the ALJ properly evaluated the medical opinion evidence from Dr. Wendy Schwartz, Ph.D.[2] and whether he properly applied the evidence to the RFC determination.[3]

### A.  Dr. Schwartz's Opinion

After conducting a clinical interview with Brian, a mini-mental status exam, and reviewing previous records, Dr. Schwartz opined that Brian's ability to understand, remember, and follow directions appeared to be mildly impaired due to concentration issues but that his ability to respond appropriately to customary work pressures, his colleagues, and his supervisors appeared to be severely impaired.  ECF No. 4 at 456 ("His ability to adapt and manage himself and tolerate normal pressures

---

[2] Dr. Schwartz was a psychological consultative examiner, who completed a mental evaluation at the request of Disability Determination Services.  Her report is at ECF No. 4 at 452 – 460.

[3] The case was referred to Dr. Schwartz when a Rhode Island cognitive behavior treatment letter was sent to the Disability Determination Services ["DDS"] from a licensed clinical social worker, who wrote that "it has been evidenced that [Brian] is not psychologically equipped for employment at this time. [Brian] struggles with concentration and memory, exacerbated by his severe emotional dysregulation and high level of reactivity."  ECF No. 4 at 453.

in a competitive work setting appears to be moderately to severely impaired.").  Dr. Schwartz believed that Brian would have difficulties dealing with coworkers. Socially, Brian was moderately to severely impaired and personally, he was mildly to moderately impaired due to physical limitations.  Lastly, Dr. Schwartz stated that Brian demonstrated "very limited coping skills to help achieve a better adjustment." ECF No. 4 at 458.  Dr. Schwartz also determined that Brian presented symptoms consistent with the following DSM-5 diagnoses—major depressive disorder (recurrent, moderate), unspecified anxiety disorder, unspecified personality disorder (borderline traits), irritable bowel syndrome, functional structure, and small intestine bacterial overgrowth.  *Id.*

The ALJ found Dr. Schwartz's opinion unpersuasive.  ECF No. 4 at 30.  The ALJ stated that Dr. Schwartz's "opinion appears to be supported primarily on the claimant's subjective reports of his psychiatric history rather than objective testing, and it is not consistent with the record as a whole."  ECF No. 4 at 30.  He went on the find that Dr. Schwartz's "opinion is inconsistent with the claimant's mostly normal mental status exams noted throughout the record . . . and with the exam findings and conclusions of Dr. Kennedy . . ., as well as the findings of the DDS physicians who had the opportunity to review much of the record."  *Id.*

### B.  Arguments for and against Remand

Brian moves for reversal and/or remand, arguing that:  (1) the ALJ incorrectly found that Dr. Schwartz's opinion was "supported primarily on [Brian's] subjective reports of his psychiatric history" (ECF No. 9 at 8); (2) the ALJ "dismissed some of

Dr. Schwartz's findings without building the requisite accurate and logical bridge between his conclusions and the findings" (ECF No. 9 at 9); and (3) the ALJ "erroneously rejected Dr. Schwartz's opinion[s] because they were inconsistent with Dr. Kyla Kennedy's findings." ECF No. 9 at 10. After a review of the entire record, the Court agrees with Brian that the ALJ's evaluation of the opinion evidence from the state agency expert was not supported by substantial evidence in the record. Moreover, the ALJ's evaluation of the opinion evidence did not properly explain how the RFC was derived from the medical evidence he found persuasive.

First, the Court finds that Dr. Schwartz's opinion was not "supported primarily on [Brian's] subjective reports of his psychiatric history," but was based on her professional observations and expertise after having personally interviewed and examined Brian.[4] Her first hand observations and opinions certainly are more controlling than an ALJ's who does not have a medical background to make his own assessment of the doctor's observations and opinions. *Manso-Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F.3d 15, 17 (1st Cir. 1996) *citing Perez v. Sec'y of HHS*, 958 F.2d 445, 446 (1st Cir. 1991); *Gordils v. Sec'y of HHS*, 921 F.2d 327, 329 (1st Cir. 1990)) ("an ALJ, as a lay person, is not qualified to interpret raw data in a medical record."). The ALJ also did not adequately evaluate the supportability and consistency of the Dr. Schwartz's opinion under the framework established by 20

---

[4] As Brian correctly points out: "Mental health professionals routinely rely on clinical interviews, behavioral observations, mental status examinations, and a claimant's reported symptoms when assessing psychiatric functioning." ECF No. 12 at 2.

C.F.R. § 416.920c.[5]  And because the ALJ failed to address these objective findings and assess whether they supported Dr. Schwartz's findings, the ALJ incorrectly dismissed her opinion as primarily based on Brian's own subjective reports of his psychiatric history.

Second, the ALJ's findings that Brian was of average intelligence with no evidence of cognitive loss do not contradict Dr. Schwartz's limitations related to Brian's ability to concentrate, persist, or maintain pace and interact with others.  And these isolated normal mental status findings do not undermine the record evidence of Brian's severe impairments like PTSD, borderline personality disorder, depressive disorder, anxiety, bipolar disorder, and autism.  The ALJ failed to relate these findings with the RFC concluding that Brian was able to work.  Substantial evidence thus does not support the ALJ's findings in this regard.

Third, the ALJ erroneously rejected Dr. Schwartz's opinion because her RFC determination was inconsistent with Dr. Kennedy's[6] findings from her psychological evaluation.  The ALJ's reliance on Dr. Kennedy's findings is undercut by his own finding that "[Dr. Kennedy] did not provide a functional analysis."  ECF No. 4 at 29.  As such, Dr. Kennedy's findings do not meet the definition of a medical opinion even though the ALJ assessed it as such.  Even though the ALJ determined that Brian

---

[5] "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) ... the more persuasive the medical opinion(s) ... will be." 20 C.F.R. § 416.920c(c)(1).

[6] Dr. Kennedy is another DDS consultative examiner who also had only evaluated Brian once—even though the ALJ discredited Dr. Schwartz based on the same single evaluation.

was moderately limited in his ability to concentrate, persist, or maintain pace, he – without an adequate explanation supported by substantial evidence – rejected the opinion evidence and failed to adequately account for the moderate limitation in his RFC determination.

Finally, the ALJ did not explain how he translated Brian's limitations into the RFC, or in the alternative, why these limitations were omitted. The ALJ's discussion must explain why evidence is rejected with enough detail for the Court to determine whether the evidence was rejected for the right reasons. *See Leggett v. Berryhill*, 2018 WL 700786, at *7 (D. Mass. Feb. 2, 2018). Without such explanation, the Court cannot meaningfully trace the path between the evidence supporting moderate limitations the experts (some of whom he found persuasive) identified and the restrictions in the RFC.

Because the Court finds that substantial evidence did not support the ALJ's findings and conclusions in Brian's case, it GRANTS Plaintiff's Motion to Reverse (ECF No. 9), DENIES the Commissioner's Motion to Affirm (ECF No. 11) and REMANDS this matter for a de novo hearing and a new and independent decision considering this Order.

IT IS SO ORDERED.


*s/John J. McConnell, Jr.*


_____

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

July 8, 2026